UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EMILIO MALDONADO,

      Petitioner,

v.                                   CASE NO. 6:15-cv-416-Orl-31DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.
_____/

## ORDER

This cause is before the Court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1) filed by Petitioner through counsel. Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts*. (Doc. 7). Petitioner filed a reply to the response (Doc. 11).

Petitioner alleges one claim for relief in his habeas petition. For the following reasons, the petition for writ of habeas corpus is denied.

## I.    PROCEDURAL HISTORY

Petitioner was charged, along with several other co-defendants, with conspiracy to traffic in 400 grams or more of cocaine (count one) and trafficking in 400 grams or more of cocaine (count six) (Doc. 8-3 at 116-17). Petitioner filed a motion to suppress the evidence obtained by police during a traffic stop and statements obtained as a result of a wiretap

(Doc. 8-3 at 129-31). The trial court held an evidentiary hearing on the motion to suppress, after which it denied the motion (Doc. 8-1 at 4-241). Petitioner entered into a guilty plea to both counts in exchange for a fifteen-year sentence (Doc. 8-4 at 122-23). The trial court accepted the plea, adjudicated Petitioner guilty, and sentenced him to two concurrent fifteen-year terms of imprisonment (Doc. Nos. 8-4 at 112-20; 8-5 at 98-110). Petitioner appealed, arguing the trial court erred by denying his motion to suppress (Doc. 8-5 at 112-33). The Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam*. *Id.* at 176.

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 8-6 at 2-9). The trial court summarily denied the motion. *Id.* at 49-50. Petitioner appealed, and the Fifth DCA affirmed *per curiam*. *Id.* at 62-76.

## II.   LEGAL STANDARDS

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

2

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.     Standard for Ineffective Assistance of Counsel

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## III.   ANALYSIS

Petitioner alleges the trial court violated his Fourth Amendment rights against unreasonable searches and seizures when it failed to suppress evidence obtained as a result of an unlawful detention (Doc. 1 at 11). In support of this claim, Petitioner contends that the police officer who conducted the traffic stop improperly extended the stop beyond the time required to issue a traffic warning. *Id.* at 12. Petitioner argues the extended detention was not supported by a reasonable suspicion of criminal activity and therefore, the narcotics obtained during a search of his backpack should have been suppressed. *Id.* at 12-13. Petitioner raised this claim on direct appeal (Doc. 8-5 at 112-34). The Fifth DCA affirmed *per curiam*. *Id.* at 176.

The Supreme Court of the United States has held "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnote omitted); *Kuhlmann v. Wilson*, 477 U.S. 436, 446-47 (1986). The Supreme Court has determined that excluding Fourth Amendment claims from habeas

corpus review creates no danger that the courts would deny a safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth Amendment claim on collateral review is "usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration." *Kuhlmann*, 477 U.S. at 447.

The Eleventh Circuit has interpreted a "full and fair consideration" to require "consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court" when the facts are in dispute. *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000). However, a state court does not afford a criminal defendant full and fair consideration when it fails to make essential findings of fact to resolve the issue. *See Hearn v. Florida*, 326 F. App'x 519, 521-22 (11th Cir. 2009) (citing *Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990)). Specifically, the Eleventh Circuit has held that a summary denial of a motion to suppress, "coupled with a summary affirmance by the Florida appellate court" is insufficient to bar a federal court's review of a Fourth Amendment claim. *Tukes*, 911 F.2d at 514.

Petitioner fails to demonstrate that the hearing conducted by the state trial court on his motion to suppress denied him an opportunity to fully and fairly litigate his Fourth Amendment claim. Petitioner filed a motion to suppress the cocaine which was seized from his backpack after the traffic stop (Doc. 8-3 at 129-31). The trial court held a hearing on the motion over the course of two days, and made the following findings during its ruling on the motion:

Well, based on based on the testimony at the hearing, both sections of the hearing, particularly from the DEA agent and some of the testimony that followed, Court's going to find that there was probable cause and deny the motion to suppress.

Court finds that there was an ongoing investigation, that the Defendant was implicated in this ongoing investigation. There were -- and other facts and circumstances that were testified to would indicate that there was probable cause. Also, the officer indicated that the reason for the traffic stop was to -- was so that they could pull the defendant over and intercept him without raising any suspicions of other co-defen [sic] – or potential co-defendants or others who were under investigation, and that it was show biz [sic] based on probable cause that the Drug Enforcement Administration, other law enforcement agencies had already established.

. . .

The Court is finding that there was probable cause to pull over the vehicle and search the vehicle, regardless of a traffic stop.

(Doc. 8-1 at 234).

As noted above, Petitioner challenged the trial court's denial of his motion to suppress on direct appeal, and the Fifth DCA affirmed *per curiam*. Upon consideration of the record, the Court concludes that the trial court articulated a factual basis for the denial of the motion to suppress. Under these circumstances, the Court concludes that Petitioner was afforded a full and fair opportunity to litigate and have adjudicated his Fourth Amendment claim. *See Mason v. Allen*, 605 F.3d 1114, 1120-21 (11th Cir. 2010) (concluding that *Powell* precluded consideration of the petitioner's Fourth Amendment claim because the petitioner fully litigated the issue in the state court); *Harris v. Dugger*, 874 F.2d 756, 761 (11th Cir. 1989) (holding that district court erred in considering the federal habeas petitioner's claim where the petitioner had fully and fairly litigated his claim in the state

7

courts of Florida); *Swicegood v. Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978) (holding that the *Stone* bar even applies when the state court erred in deciding the merits of a Fourth Amendment claim). Therefore, Petitioner's claim is denied.[2]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.   CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner "makes a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

---

[2]Alternatively, the Court notes that Petitioner has failed to demonstrate that the state court's determination was either contrary to contrary to, or an unreasonable application of, clearly established federal law. Accordingly, considering the claim on the merits, it is denied pursuant to § 2254(d).

The Court concludes that Petitioner has not made the requisite showing in these circumstances. Petitioner is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      The Clerk of the Court shall enter judgment for Respondents and thereafter close this case.

3.      Petitioner is **DENIED** a certificate of appealability.

**DONE AND ORDERED** in Orlando, Florida, this 27th day of May, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 5/27
Counsel of Record

9